UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KHARVELL LEWIS,<br>    Plaintiff,<br>    v.<br><br>TURNWALD and BAILEY,<br>    Defendants.<br>_____/ | Case No. 23-10326<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION: RULE 41(b) DISMISSAL

### I.   PROCEDURAL HISTORY

Plaintiff Kharvell Lewis filed this *pro se* prisoner complaint in the Western District of Michigan on December 27, 2022.  (ECF No. 1).  It was transferred to the Eastern District of Michigan on February 8, 2023.  (ECF Nos. 1, 2).  This case was referred to the undersigned for all pretrial matters.  (ECF No. 15).

On May 31, 2024, the Court issued an Order requiring Defendants to respond to Plaintiff's complaint, and service upon Plaintiff was attempted.  (ECF No. 19).  It was returned as undeliverable with the notation "inmate not here." (ECF No. 22).  Service of the case management and scheduling Order issued on June 25, 2024 was also attempted, but was returned as undeliverable with the same notation.  (ECF Nos. 21, 24).

On July 10, 2024, the Court Ordered Plaintiff to show cause by July 31, 2024 for failure to update his address, stating that "Failure to timely or adequately respond to [the] Order" will result in a recommendation that the "case be dismissed for failure to keep his address updated as ordered or for failure to prosecute under Fed. R. Civ. P. 41(b)." (ECF No. 23). When service of this Order was attempted, the mail was returned as undeliverable, again with the notation "inmate not here." (ECF No. 26).

The Court again Ordered Plaintiff to show cause for failure to update his address by August 19, 2024, with the same warning. (ECF No. 25). To date, Plaintiff has not responded to either Order.

## II.  ANALYSIS AND RECOMMENDATIONS

Pursuant to Fed. R. Civ. P. 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). "[D]istrict courts possess broad discretion to sanction parties for failure to comply with procedural requirements." *Tetro v. Elliot Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1991) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629-630.

2

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* Also, a "district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). But a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck*, 2013 WL 511031, at *2.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, on balance, these factors weigh in favor of dismissal.

As for the first and second factors, "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith, or fault." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008).  But "defendants cannot be expected to defend an action" that Plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* For these reasons, the first and second factors weigh in favor of dismissal.

Based on the warnings given to Plaintiff, the third factor also weighs in favor of dismissal.  This Court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.  *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511021, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013).  Here, Plaintiff failed to respond several times.

4

Additionally, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information related to their current address. *Watsy v. Richards*, 1987 WL 37151 (6th Cir. 1987); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Rogers v. Ryan*, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address").  In its Orders regarding the failure to update his address, the Court explicitly warned Plaintiff that the case could be dismissed.  Despite this clear warning, Plaintiff has provided no good reason why the undersigned should not recommend the complaint be dismissed.  *See Labreck*, 2013 WL 511021 *2.

Finally, given Plaintiff's failure to respond to the Court's Orders to show cause, the undersigned sees no utility in considering or imposing lesser sanctions.  Thus, taken together, these factors support dismissal for failure to prosecute.

For these reasons, the undersigned concludes that Plaintiff has effectively abandoned his case by failure to update his address and failure to respond to the Court's Orders.  Under these circumstances, dismissal with prejudice is appropriate.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Fed. R. Civ. P. 41(b).

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  September 5, 2024.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 5, 2024.

s/Sara Krause
Case Manager
(810) 341-7850

7