UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KHARVELL LEWIS,<br>      Plaintiff,<br>v.<br><br>TURNWALD and BAILEY,<br>      Defendants.<br>_____/ | Case No. 23-10326<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (ECF No. 53) AND GRANTING MOTION TO EXTEND (ECF No. 54)**

Before the Court are two of Plaintiff's recent motions: motion to appoint counsel (ECF No. 53) and motion to extend his deadline to respond to Defendants' motion for summary judgment (ECF No. 54).

Plaintiff's motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**. Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)

("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

In support of his motion, Plaintiff states that he cannot afford counsel, his imprisonment will limit his ability to litigate, his case is complex, and a trial will involve conflicting testimony best handled by an attorney. (ECF No. 53). These reasons are insufficient to appoint counsel. Plaintiff lodged an excessive force claim against two defendants that is not overly complex. And the difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); see also *Ouellette v. Hills*, 2016 WL5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Thus, the motion is denied without prejudice. Plaintiff may move for appointment of counsel again if he defeats Defendants' motion for summary judgment.

Plaintiff's motion to extend his deadline to respond to the motion for summary judgment is **GRANTED**.  Plaintiff was given until March 14, 2025, to respond to the motion that was filed on January 27, 2025, and likely got to Plaintiff in early February.  A motion to extend the time to act filed before the time expires can be granted if the moving party shows good cause for the extension.  Fed. R. Civ. P. 6(b)(1)(A).  Plaintiff showed good cause for an extension.  He explained that his prison is often on lock-down status, and when it is, prisoners cannot access the "electronic law library."  This is a laptop in each unit for prisoners to use for legal purposes.  Even when the prison is not locked down, there is only one laptop for about eight prisoners in each unit, so it is difficult to spend time doing legal research.  (ECF No. 54).  The limited access to the laptop is good cause to extend Plaintiff's deadline.

The Court will grant Plaintiff an additional three weeks, **until April 4, 2025**, to submit his response brief.  The Court has not granted a great deal of time because Plaintiff should have been drafting his response since early February.  This extension will effectively give him two months of time to complete it.  Plaintiff must seek out every opportunity to conduct his research and work on his brief during these three weeks.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 13, 2025

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 13, 2025.

s/Sara Krause
Case Manager
(810) 341-7850